1

2

3

4

5        UNITED STATES DISTRICT COURT

6        EASTERN DISTRICT OF WASHINGTON

7    LASCHELLE A. P.,

8                          Plaintiff,          NO. 2:22-CV-0050-TOR

9         v.                                   ORDER GRANTING DEFENDANT'S
                                               MOTION FOR SUMMARY
10   COMMISSIONER OF SOCIAL                    JUDGMENT
     SECURITY,
11
                          Defendant.
12

13        BEFORE THE COURT are the parties' cross-motions for summary

14   judgment (ECF Nos. 9, 12).  These matters were submitted for consideration

15   without oral argument.  The Court has reviewed the administrative record and is

16   fully informed.  For the reasons discussed below, Plaintiff's Motion for Summary

17   Judgment (ECF No. 9) is **DENIED,** and Defendant's Motion for Summary

18   Judgment (EFC No. 12) is **GRANTED**.

19                              **JURISDICTION**

20        The Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1

1

## STANDARD OF REVIEW

2        A district court's review of a final decision of the Commissioner of Social

3  Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

4  limited: The Commissioner's decision will be disturbed "only if it is not supported

5  by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

6  1158–59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence"

7  means relevant evidence that "a reasonable mind might accept as adequate to

8  support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated

9  differently, substantial evidence equates to "more than a mere scintilla[,] but less

10  than a preponderance."  *Id.* (quotation and citation omitted).  In determining

11  whether this standard has been satisfied, a reviewing court must consider the entire

12  record as a whole rather than searching for supporting evidence in isolation.  *Id.*

13        In reviewing a denial of benefits, a district court may not substitute its

14  judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

15  1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

16  rational interpretation, [the court] must uphold the ALJ's findings if they are

17  supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674

18  F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an

19  ALJ's decision on account of an error that is harmless."  *Id.*  An "error is harmless

20  where it is 'inconsequential to the ultimate nondisability determination.'"  *Id.* at

1    1115 (citation omitted).  The party appealing the ALJ's decision generally bears

2    the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396,

3    409–10 (2009).

4    **FIVE STEP SEQUENTIAL EVALUATION PROCESS**

5    A claimant must satisfy two conditions to be considered "disabled" within

6    the meaning of the Social Security Act.  First, the claimant must be unable "to

7    engage in any substantial gainful activity by reason of any medically determinable

8    physical or mental impairment which can be expected to result in death or which

9    has lasted or can be expected to last for a continuous period of not less than 12

10   months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's

11   impairment must be "of such severity that [he or she] is not only unable to do [his

12   or her] previous work[,] but cannot, considering [his or her] age, education, and

13   work experience, engage in any other kind of substantial gainful work which exists

14   in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

15   The Commissioner has established a five-step sequential analysis to

16   determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§

17   404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).  At step one, the Commissioner

18   considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i),

19   416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

20

1    Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

2    404.1520(b), 416.920(b).

3         If the claimant is not engaged in substantial gainful activities, the analysis

4    proceeds to step two.  At this step, the Commissioner considers the severity of the

5    claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the

6    claimant suffers from "any impairment or combination of impairments which

7    significantly limits [his or her] physical or mental ability to do basic work

8    activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c),

9    416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

10   however, the Commissioner must find that the claimant is not disabled.  *Id.*

11        At step three, the Commissioner compares the claimant's impairment to

12   several impairments recognized by the Commissioner to be so severe as to

13   preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§

14   404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more

15   severe than one of the enumerated impairments, the Commissioner must find the

16   claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

17        If the severity of the claimant's impairment does meet or exceed the severity

18   of the enumerated impairments, the Commissioner must pause to assess the

19   claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

20   defined generally as the claimant's ability to perform physical and mental work

1  activities on a sustained basis despite his or her limitations (20 C.F.R. §§

2  404.1545(a)(1), 416.945(a)(1)), is relevant to both the fourth and fifth steps of the

3  analysis.

4       At step four, the Commissioner considers whether, in view of the claimant's

5  RFC, the claimant is capable of performing work that he or she has performed in

6  the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv),

7  416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the

8  Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

9  404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the

10  analysis proceeds to step five.

11       At step five, the Commissioner considers whether, in view of the claimant's

12  RFC, the claimant is capable of performing other work in the national economy.

13  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination,

14  the Commissioner must also consider vocational factors such as the claimant's age,

15  education and work experience.  *Id.*  If the claimant is capable of adjusting to other

16  work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

17  404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

18  work, the analysis concludes with a finding that the claimant is disabled and is

19  therefore entitled to benefits.  *Id.*

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 5

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On August 23, 2019, Plaintiff filed applications for Title II disability insurance benefits and Title XVI supplemental security income benefits, alleging an onset date of August 15, 2019. Tr. 340, 342. The applications were denied initially, Tr. 122–125, and again on reconsideration, Tr. 92–121. A hearing was held on June 3, 2021. Tr. 40–63. On June 15, 2021, the ALJ denied Plaintiff's applications. Tr. 15–27. On January 14, 2022, the Appeals Council denied review (Tr. 1–6), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210.

As a threshold matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2023. Tr. 17. At step one of the sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 15, 2019, the alleged onset date. *Id*. At step two, the ALJ found Plaintiff had the following severe impairments: post-

1  traumatic stress disorder ("PTSD"), mood disorder, generalized anxiety disorder,

2  personality disorder, and alcohol use disorder.  Tr. 18.  At step three, the ALJ

3  found Plaintiff did not have an impairment or combination of impairments that

4  meets or medically equals the severity of a listed impairment.  Tr. 19.  The ALJ

5  then found Plaintiff had a residual functional capacity to perform a full range of

6  work at all exertional levels but with the following limitations:

> [S]he would be limited to simple, routine tasks and low-level detailed
> tasks consistent with a reasoning level of 3 or less; she could have
> only occasional, superficial contact with the public, and frequent
> contact with co-workers and supervisors; and she would require a
> routine, predictable work environment with no more than occasional
> changes.

11 Tr. 21.

12       At step four, the ALJ found Plaintiff was able to perform past relevant work

13 as patcher, hand packager, and poultry eviscerator.  Tr. 24.  The ALJ made an

14 alternative finding at step five, considering Plaintiff's age, education, work

15 experience, and RFC, there were other jobs that existed in the significant numbers

16 in the national economy that Plaintiff could perform, such as routing clerk,

17 production assembler, and marker.  Tr. 25–26.  The ALJ concluded Plaintiff was

18 not under a disability, as defined in the Social Security Act, from August 15, 2019,

19 the alleged onset date, through June 15, 2021, the date of the ALJ's decision.  Tr.

20 26–27.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 7

1

**ISSUES**

2    1.  Whether the ALJ properly considered Plaintiff's medically determinable

3        impairments at step two;

4    2.  Whether the ALJ properly considered Plaintiff's severe impairments at

5        step three;

6    3.  Whether the ALJ properly considered Plaintiff's subjective symptom

7        testimony;

8    4.  Whether the ALJ properly weighed the medical opinions;

9    5.  Whether the ALJ properly developed the record; and

10   6.  Whether the ALJ properly conducted an analysis at steps four and five.

11                              **DISCUSSION**

12   **I.    Step Two**

13       Plaintiff contends the ALJ failed to properly consider her medically

14   determinable impairment of bipolar disorder at step two.  ECF No. 9 at 13-15.

15       At step two of the sequential process, the ALJ must determine whether a

16   claimant suffers from a "severe" impairment, i.e., one that significantly limits her

17   physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1520(c),

18   416.920(c).  To show a severe impairment, the claimant must first prove the

19   existence of a physical or mental impairment by providing medical evidence

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 8

consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.  20 C.F.R. §§ 404.1521, 416.921.

An impairment may be found non-severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . ."  Social Security Ruling (SSR) 85-28, 1985 WL 56856, at *3.  Similarly, an impairment is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities, which include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine work setting.  20 C.F.R. §§ 404.1522, 416.922; *see also* SSR 85-28.

Step two is "a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted).  "Thus, applying our normal standard of review to the requirements of step two, [the Court] must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments."  *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

1       The ALJ found Plaintiff's bipolar disorder was not a medically determinable

2   impairment based on the lack of medical records.  Tr. 19.  The ALJ noted that

3   records reference historical diagnoses of the disorder, but that the records lack

4   mania or hypomania symptoms required to diagnose bipolar disorder other than

5   Plaintiff's own reports.  *Id.*  Even if the ALJ's decision that the bipolar disorder

6   was not medically determinable was error, the ALJ alternatively noted that

7   providers noted the condition as "stable" and that the severe mood disorder

8   sufficiently addresses her medically determinable affective disorders.  *Id.*  As a

9   result, any error would be harmless because the step was resolved in Plaintiff's

10  favor and the ALJ considered Plaintiff's limitations resulting from a severe mood

11  disorder when assessing Plaintiff's residual functional capacity.  *Burch v.*

12  *Barnhart*, 400 F.3d 676, 682–83 (9th Cir. 2005) (finding harmless error where the

13  ALJ failed to identify an impairment as severe at step two but accounted for the

14  impairment at step five).

15      **II.    Step Three**

16      Plaintiff contends the ALJ erred at step three by failing to conduct an

17  adequate analysis that finds Plaintiff meeting or equaling Listings 12.04, 12.06,

18  12.08, and 12.15.  ECF No. 9 at 15–17.

19      For "paragraph B" criteria, Listings 12.04, 12.06, 12.08, and 12.15 require

20  that the claimant show an extreme limitation in one, or marked limitation in two, of

the following functional areas: (1) Understand, remember, or apply information, (2) Interact with others; (3) Concentrate, persist, or maintain pace; and (4) Adapt or manage oneself.  20 C.F.R. Pt. 404, Subpt P, App. 1, § 1200.  To satisfy the "paragraph C" criteria for Listings 12.04, 12.060 and 12.15, the claimant must show that the disorder(s) are "serious and persistent" and there must be "a medically documented history of the existence of the disorder over a period of at least 2 years, and evidence that satisfies the criteria in both C1 and C2."  *Id.*  Here, the ALJ considered the Listings at issue and found Plaintiff did not satisfy the requirements of either criteria.  Tr. 19–21.

Plaintiffs asserts she has marked limitations in the "paragraph B" criteria of adaptation, social interaction, and concentration, persistence, and pace based on Dr. Alexander's assessment, treatment records, and Plaintiff's testimony.  ECF No. 9 at 15–16.  When rating social interaction, the ALJ accepted the opinions of Drs. Van Dam and Donohue who rated Plaintiff has moderately limited and discounted Dr. Alexander's opinion (discussed further below) as based on Plaintiff's reports that Dr. Alexander did not objectively witness.  Tr. 20.  When rating concentration, persistence, and pace, the ALJ found the objective record does not support the limitation alleged, and the ALJ relied on Plaintiff's daily activities (cleaning home, taking care of a baby and her older children, and doing laundry) and the opinions of Drs. Van Dam and Donohue who found Plaintiff had moderate limitations in

this area.  Tr. 20.  When rating adapting or managing oneself, the ALJ found

Plaintiff's reports to providers contradictory, and that Plaintiff's activities of daily

living suggest she has some ability to respond to demands, adapt to changes, make

plans independently of others, and take appropriate precautions, and the ALJ

accepted the opinions of Drs. Van Dam and Donohue.  Tr. 21.  These findings are

supported by substantial evidence.

Plaintiffs asserts she establishes "paragraph C" criteria with the frequent

missing of appointments, poor coping skills, and marked adaptation abilities.  ECF

No. 9 at 17.  The ALJ found no acceptable medical source opined Plaintiff's

mental impairments satisfied the "C" criteria of an applicable listing, and the ALJ

found no evidence indicating otherwise.  Tr. 21.  Plaintiff complains the ALJ could

have called an expert to testify on "paragraph C" criteria.  ECF No. 9 at 15.  "An

ALJ is not required to discuss the combined effects of a claimant's impairments or

compare them to any listing in an equivalency determination, unless the claimant

presents evidence in an effort to establish equivalence."  *Burch*, 400 F.3d at 683.

At the hearing, the Plaintiff's counsel indicated he had "a question about, equally

in mental health listings" but did not specify what the question was.  Tr. 43.  As

discussed below, there were no signs in the record of ambiguity that triggered the

ALJ's duty to further develop the record.  Substantial evidence supports the ALJ's

conclusion, no harmful error has been shown.

1    **III.    Plaintiff's Symptoms Testimony**

2        Plaintiff contends the ALJ failed to offer clear and convincing reasons for

3    rejecting Plaintiff's subjective complaints.  ECF No. 9 at 17–20.

4        An ALJ engages in a two-step analysis to determine whether a claimant's

5    subjective symptom testimony can be reasonably accepted as consistent with the

6    objective medical and other evidence in the claimant's record.  Social Security

7    Ruling ("SSR") 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ must determine

8    whether there is 'objective medical evidence of an underlying impairment which

9    could reasonably be expected to produce the pain or other symptoms alleged.'"

10    *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Vasquez v. Astrue*,

11    572 F.3d 586, 591 (9th Cir. 2009)).  "The claimant is not required to show that her

12    impairment 'could reasonably be expected to cause the severity of the symptom

13    she has alleged; she need only show that it could reasonably have caused some

14    degree of the symptom.'"  *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v.*

15    *Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

16        Second, "[i]f the claimant meets the first test and there is no evidence of

17    malingering, the ALJ can only reject the claimant's testimony about the severity of

18    the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

19    rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

20    omitted).  General findings are insufficient; rather, the ALJ must identify what

1    symptom claims are being discounted and what evidence undermines these claims.

2    *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v.*

3    *Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently

4    explain why he or she discounted claimant's symptom claims).  "The clear and

5    convincing [evidence] standard is the most demanding required in Social Security

6    cases."  *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v.*

7    *Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

8         The ALJ is instructed to "consider all of the evidence in an individual's

9    record," "to determine how symptoms limit ability to perform work-related

10   activities."  SSR 16-3p, 2016 WL 1119029, at *2.  When evaluating the intensity,

11   persistence, and limiting effects of a claimant's symptoms, the following factors

12   should be considered: (1) daily activities; (2) the location, duration, frequency, and

13   intensity of pain or other symptoms; (3) factors that precipitate and aggravate the

14   symptoms; (4) the type, dosage, effectiveness, and side effects of any medication

15   an individual takes or has taken to alleviate pain or other symptoms; (5) treatment,

16   other than medication, an individual receives or has received for relief of pain or

17   other symptoms; (6) any measures other than treatment an individual uses or has

18   used to relieve pain or other symptoms; and (7) any other factors concerning an

19   individual's functional limitations and restrictions due to pain or other symptoms.

20   *Id*. at *7–8; 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 14

1    Here, the ALJ found Plaintiff's impairments could reasonably be expected to

2    cause some of the alleged symptoms.  Tr. 22.  However, the ALJ found Plaintiff's

3    statements concerning the intensity, persistence, and limiting effects of those

4    symptoms were not entirely consistent with the evidence.  *Id.*

5        *1. Objective Medical Evidence*

6    Plaintiff challenges the ALJ's finding that Plaintiff's symptom testimony

7    was not supported by the objective medical evidence.  ECF No. 9 at 17.

8    Objective medical evidence is a relevant factor, along with the medical

9    source's information about the claimant's pain or other symptoms, in determining

10   the severity of a claimant's symptoms and their disabling effects.  20 C.F.R. §§

11   404.1529(c)(2); 416.929(c)(2).  However, an ALJ may not discredit a claimant's

12   symptom testimony and deny benefits solely because the degree of the symptoms

13   alleged is not supported by objective medical evidence.  *Id.*

14   The ALJ found the objective medical evidence did not support the level of

15   limitation Plaintiff claimed.  Tr. 22.  The ALJ noted the treatment records

16   primarily demonstrated Plaintiff's anxiety was due to life or familial situations

17   rather than significant underlying mental impairments.  *Id.* (citations to the record

18   omitted).  For example, the ALJ noted Dr. Alexander observed Plaintiff was

19   pleasant, cooperative, and alert, attention was "generally maintained" through the

20   evaluation, dress and grooming was appropriate, there was no mannerism

abnormalities, disinhibition, or inappropriate display of emotion, she completed office forms without issue, and exhibited no more than mild difficulty in understanding multi-stage complex instructions.  TR. 23.  The ALJ found the objective records showed normal orientation, judgment, insight, memory, fund of knowledge, and capacity of sustained mental activity.  Tr. 23.

The ALJ's finding is supported by substantial evidence.  Plaintiff's own interpretation of the record cannot overturn the ALJ's conclusions.  "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."  *Burch*, 400 F.3d at 679 (citation omitted).  Even if this were error, any error is harmless because the ALJ considered other factors beyond the objective medical evidence.  *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).

### 2. *Work History*

Plaintiff challenges the ALJ's finding that Plaintiff's short work history is attributable to her reported symptoms.  ECF No. 9 at 18.

When considering evidence, an ALJ may consider information regarding claimant's prior work record.  20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).  Work history is a valid basis for discrediting the severity of symptoms.  *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020).

The ALJ noted that while Plaintiff claimed she could not maintain

attendance at work due to her impairments at the hearing, Plaintiff reported to a treating provider that working was helpful for her anxiety as it allowed her time away from her family.  Tr. 23.  The ALJ also noted that Plaintiff has a relatively weak and inconsistent work history suggesting that the reason for her unemployment is likely something of longer standing than impairments during the relevant period.  Tr. 24.  The ALJ's finding is supported by substantial evidence.

### 3.   Daily Activities

Plaintiff challenges the ALJ's finding that Plaintiff's symptom testimony conflicted with her daily activities.  ECF No. 9 at 19.

A claimant's daily activities is a relevant factor in assessing a claimant's symptoms.  20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).  An adverse credibility finding is warranted if (1) Plaintiff's activities contradict other testimony, or (2) Plaintiff "is able to spend a substantial part of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting."  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citation omitted).

The ALJ found Plaintiff's daily activities suggest she is not as limited as alleged.  Tr. 24.  The ALJ noted Plaintiff cares for her young children, performs household chores, shops in stores, and helped her father with a concession stand in January 2020.  *Id.* (citations to the record omitted).  The ALJ's finding that Plaintiff's daily activities conflicted with her reported level of symptoms is a

1    reasonable interpretation of the record.  The ALJ's finding is supported by

2    substantial evidence.

3        **IV.    Medical Opinion Evidence**

4        Plaintiff contends the ALJ failed to properly consider and weigh the medical

5    opinion evidence of Rebecca J. Alexander, PhD.  ECF No. 9 at 8–12.  As an initial

6    matter, for claims filed on or after March 27, 2017, new regulations apply that

7    change the framework for how an ALJ must evaluate medical opinion evidence.

8    20 C.F.R. §§ 404.1520c, 416.920c; *see also Revisions to Rules Regarding the*

9    *Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18,

10   2017).  The ALJ applied the new regulations because Plaintiff filed her Title II and

11   XVI applications after March 27, 2017.  Tr. 24.

12       Under the new regulations, the ALJ will no longer "give any specific

13   evidentiary weight . . . to any medical opinion(s)."  *Revisions to Rules*, 2017 WL

14   168819, 82 Fed. Reg. 5844-01, 5867–68.  Instead, an ALJ must consider and

15   evaluate the persuasiveness of all medical opinions or prior administrative medical

16   findings from medical sources.  20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

17   The factors for evaluating the persuasiveness of medical opinions and prior

18   administrative medical findings include supportability, consistency, relationship

19   with the claimant, specialization, and "other factors that tend to support or

20   contradict a medical opinion or prior administrative medical finding" including but

not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5).

The ALJ is required to explain how the most important factors, supportability and consistency, were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). These factors are explained as follows:

(1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).

The ALJ may, but is not required to, explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). However, where two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how "the most persuasive factors" were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

1    These regulations displace the Ninth Circuit's standard that require an ALJ

2    to provide "specific and legitimate" reasons for rejecting an examining doctor's

3    opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). As a result, the

4    ALJ's decision for discrediting any medical opinion "must simply be supported by

5    substantial evidence." *Id.*

6    Dr. Alexander opined Plaintiff was moderately to markedly impaired in her

7    ability to remember simple and complex instructions, consistently process complex

8    instructions, sustain concentration and persist and that Plaintiff's ability to interact

9    appropriately in social situations and the workplace, manage anger and mood

10    lability, and respond to irritable situations was markedly impaired. Tr. 23.

11    The ALJ found Dr. Alexander's opinion not persuasive. As to

12    supportability, the ALJ found the above conclusions inconsistent with Dr.

13    Alexander's own observations and testing. *Id.* The ALJ noted that Dr. Alexander

14    listed Plaintiff's mood and affect were moderately to severely depressed, but

15    otherwise described Plaintiff's behaviors during testing as normal. Tr. 23. Dr.

16    Alexander found Plaintiff was pleasant, cooperative, and alert; her attention was

17    "generally maintained" throughout the evaluation; her dress and grooming was

18    moderate; she displayed no mannerism abnormalities, disinhibition, or

19    inappropriate display of emotion; she completed office forms without issue; and

20    she exhibited no more than mild difficulty in understanding multi-stage complex

instructions.  Tr. 21–22.  The ALJ found that despite Dr. Alexander's generally normal observations, Dr. Alexander concluded Plaintiff had moderately to markedly or severe limitations.  Tr. 23.

As to consistency, the ALJ found Dr. Alexander's opinion inconsistent with concurrent and subsequent records from other treating providers.  For example, the ALJ noted that less than a month later in January 2020, after Dr. Alexander's opinion, Plaintiff reported medication helped her anxiety and that in April 2020 Plaintiff reported her anxiety was "surprisingly low" and that "everything is going good."  Tr. 23.  The ALJ noted Dr. Alexander only evaluated Plaintiff once and had minimal records available to review.  *Id.*  The ALJ addressed the opinion's consistency and supportability, and the ALJ's finding is supported by substantial evidence.

## V.    Hearing Medical Expert

Plaintiff contends the ALJ erred in failing to call a medical expert to the hearing to testify whether Plaintiff met or equaled any listing.  ECF No.

The claimant and ALJ share a duty to develop the record.  20 C.F.R. §§ 404.1512, 416.912.  The ALJ has a duty to develop the record if "there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 21

1    Plaintiff asserts the ALJ was under a duty to call a medical expert on the

2    general grounds that her impairments were not fully considered and that Listings

3    could have been met.  ECF No. 9.  Plaintiff does not cite to ambiguous evidence or

4    and inadequate record, Plaintiff merely disagrees with the ALJ's findings.  The

5    ALJ was not required to further develop the record with a medical expert at the

6    hearing under these circumstances.

7    **VI.    Steps Four and Five**

8    Plaintiff contends the ALJ erred in relying vocational expert testimony that

9    was made "in response to an incomplete hypothetical."  ECF No. 9 at 20.

10    "The ALJ is not bound to accept as true the restrictions presented in a

11    hypothetical question propounded by a claimant's counsel."  *Magallanes v. Bowen*,

12    881 F.2d 747, 756 (9th Cir. 1989) (internal citation omitted).  Moreover, an ALJ

13    may also "reject restrictions in a hypothetical question that are not supported by

14    substantial evidence."  *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

15    The ALJ may rely on a vocational expert's response to a hypothetical that contains

16    all limitations supported by substantial evidence.  *Bayliss v. Barnhart*, 427 F.3d

17    1211, 1218 (9th Cir. 2005).

18    Plaintiff argues the ALJ should have accepted the additional hypothetical

19    limitations Plaintiff deemed accurate.  However, the ALJ's finding discrediting the

20    level of limitations claimed by Plaintiff's testimony are supported by substantial

evidence, as discussed *supra*.  The ALJ did not err in relying on the hypothetical that incorporated the limitations the ALJ found credible.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiffs Motion for Summary Judgment (ECF No. 9) is **DENIED**.

2.  Defendant's Motion for Summary Judgment (ECF No. 12) is

    **GRANTED**.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to counsel, and **CLOSE** the file.

DATED November 30, 2022.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 23